McCOMB CLAYTON, d. b., a., *vs.* JOSEPH L. CAVENDER, p. b., r.

New Castle County, November Term, 1893.

**Contract. Consideration.**—Contracts made by parties in open market, and in good faith, are not invalidated on the ground of failure of consideration because the property one party gets turns out subsequently to be of no value.

**Fraud.**—Fraud is never presumed; it must always be proved, and it is always a question of fact for the jury.

APPEAL FROM A JUSTICE OF THE PEACE.—This was an action on a promissory note, given by McComb Clayton to Joseph L. Cavender as commissions for effecting an exchange of a farm of said McComb Clayton for certain stocks. The defence set up was a total failure of consideration, in that the stocks proved to be of no value; and fraud on the part of Cavender in misrepresenting the value of the stocks.

*Biggs,* for plaintiff below, respondent, contended that a failure of consideration was no defense in this case and cited *O'Neal vs. Bacon,* 1 Houst. 215; *Fooks vs. Waples,* 1 Harring. 131; *Carpenter vs. Phillips,* 2 Houst. 524; *Messick vs. Stafford,* 2 Houst. 243; *Stayton vs. Morris,* 4 Houst. 357; 1 Benj. Sales, § 425; 3 Wait, Act. & Def. 284.

*Burris,* for defendant below, appellant.

LORE, C. J., (charging the jury).

This is an action brought by Joseph L. Cavender, plaintiff below, against McComb Clayton, defendant below, to cover the amount of a promissory note with interest and costs of protest, making in all $59.93, about which there is no dispute, if the plaintiff is entitled to recover at all. The promissory note in the usual form is signed by the defendant below.

The defence set up in this case is apparently two-fold, yet practically but one. It is alleged that there was a total failure of consideration. Where two men in open market deal with each other, in perfect good faith, and the property that one gets turns out subsequently to be of no value, that does not invalidate a note, because a man's eyes are his market. And where men deal together in perfect good faith and perfect honesty, they must stand by their contracts.

But it is claimed that there is another element in this case, viz., fraud on the part of Cavender in getting this note from McComb Clayton. Fraud is never presumed; it must always be proved; and it is always a question of fact, from the proof, for the jury to pass upon. In order to sustain the legal defence of fraud here you must be satisfied by the proof adduced in this case that at the time of the transaction when this note was given Mr. Cavender made false statements with respect to this stock which was given as an equivalent for this farm; that he knew those statements to be false at the time he made them, and that in addition thereto,

those statements, thus known to be false, operated upon the mind of McComb Clayton and effected this transaction.

*Verdict for the defendant below.*